ORIGINAL ✓

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 11 2011

CLERK, U.S. DISTRICT COURT
By _____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NO 10-21370 [United States |
| FREEDOM ARMS, INC. | § | Bankruptcy Court, District of Wyoming] |
| | § | |
| *Debtor* | § | CHAPTER 11 |
| | § | |
| | § | |
| HARRY CARLSON | § | ADVERSARY NO. 11-3075-bjh [United |
| | § | States Bankruptcy Court, N.D. Texas] |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| FREEDOM ARMS, INC., RAY'S | § | |
| HARDWARE & SPORTING GOODS, | § | |
| INC., and RENO MADSEN | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION TO DISTRICT COURT
## FOR DISTRICT COURT CASE NO. 3:11-CV-611-L

This Court respectfully recommends that the District Court deny the pending motion to withdraw the reference in this adversary proceeding because, as discussed below, that motion is moot in light of the Court's recent decision granting motions to sever and remand.

This adversary proceeding, which was removed here from Texas state court, arises out of an unfortunate hunting accident. According to the state court petition, in October 2007, Harry Carlson ("Carlson") and his friend Reno Madsen ("Madsen") were in Angel Fire, New Mexico to hunt bear. As they unloaded their gear, Madsen's handgun accidentally fell to the ground and fired a shot that hit Carlson in the left hip and leg, causing injuries that Carlson calls catastrophic and mutilating. As a result of the accident Carlson sued Madsen, Freedom Arms, Inc. ("Freedom Arms"), the gun's manufacturer, and Ray's Hardware & Sporting Goods, Inc. ("Ray's"), the retailer that sold the gun, under products liability and negligence theories. Carlson filed the state court petition in June 2008.

Two years later, on November 18, 2010, Freedom Arms filed a chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Wyoming (the "Wyoming Bankruptcy Court"). When the state court learned of the Freedom Arms bankruptcy filing, it entered an order instructing the clerk to close the file and remove the case from the active docket until the court received notice that the automatic stay had lifted. Carlson then filed a motion to sever his claims against Freedom Arms from his claims against Ray's and Madsen in the hope that the state court would allow Carlson to proceed to trial against Ray's and Madsen. On

1

February 16, 2011, two days before the state court was to hear argument on the motion to sever, Ray's removed the entire state court action to this Court. Removal was timely under Federal Rule of Bankruptcy Procedure 9027[1] and permitted by 28 U.S.C. §§ 1452[2] and 1334.[3] The Court set a status conference on the removal for March 16, 2011, which was later reset to April 7, 2011 at the parties' request.

On March 8, 2011, Carlson filed an Amended Motion To Remand Or, In The Alternative, Abstain From Exercising Jurisdiction (the "Motion to Remand"). [Docket #6]. The next day Carlson filed an Amended Motion for Severance (the "Motion to Sever;" together with the Motion to Remand, the "Carlson Motions"). [Docket #7]. Carlson again argued that this Court should sever out his claims against Freedom Arms from his claims against Ray's and Madsen, and then remand the claims against Ray's and Madsen to the state court for trial. Carlson further argued that should the Court not sever and remand, it should nonetheless abstain from exercising jurisdiction under 28 U.S.C. § 1334. The Carlson Motions were set for hearing on April 7, 2011, along with the status conference on removal. Ray's objected to the relief requested in the Carlson Motions. [Docket #24].

On March 18, 2011 Ray's filed its Motion To Withdraw The Reference Of Adversary Proceeding No. 11-3075 To The United States District Court Pursuant To 28 U.S.C. § 157(d) (the "Motion to Withdraw the Reference") and its Motion To Stay Proceedings Pending The District Court's Decision On Motion To Withdraw The Reference (the "Motion to Stay;" together, "Ray's Motions"). [Docket #10 & 12, respectively]. To support its argument for withdrawing the reference, Ray's highlighted 28 U.S.C. § 157(b)(5), which provides that "[t]he district court shall order that personal injury tort ... claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." Ray's also indicated that once the reference was withdrawn it would file a motion to transfer the action to the United States District Court in Wyoming. Ray's requested an expedited hearing on Ray's Motions but the Court denied the request and set the matters for hearing on April 18, 2011. Carlson objected to the relief requested in Ray's Motions. [Docket #28].

On April 7, 2011 the Court conducted and concluded the status conference on removal and heard argument on the Carlson Motions. The Court took the matters under advisement and asked the parties to submit letter briefs on certain issues raised for the first time at the hearing. [Docket #29, 30, 31]. In addition to the letter briefs, Madsen filed a Motion to Adopt Plaintiff's Amended Motion To Remand, Or In The Alternative, Abstain From Exercising Jurisdiction, thus joining in the arguments made in the Carlson Motions. [Docket #32].

---

[1] Rule 9027(a)(2) governs the timing for filing notices of removal when, as here, a civil action has been initiated before the commencement of the bankruptcy case. It states that such a notice is timely if filed within 90 days after the order for relief. Here, Freedom Arms filed bankruptcy on November 18, 2010, so the notice of removal that Ray's filed on February 16, 2011 was within 90 days of the order for relief and thus timely.

[2] 28 U.S.C. § 1452 governs removal of claims related to bankruptcy cases. In pertinent part it states, "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

[3] 28 U.S.C. § 1334 (a) and (b) provide that district courts "have original and exclusive jurisdiction of cases under title 11," and "original, but not exclusive jurisdiction, of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

2

On April 18, 2011 the Court heard argument on Ray's Motions and continued to discuss with the parties the issues surrounding severance, remand and abstention. The Court ultimately took Ray's Motions under advisement as well.

On April 21, 2011 the Court ruled, for the reasons stated orally on the record, that severance and remand were appropriate, thereby granting the Carlson Motions. In its ruling, the Court first examined the factors weighing for and against abstention or remand and concluded that most were either neutral or weighed in favor of abstaining or remanding—even if the claims against Freedom Arms were not severed. *See Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 785 (E.D. Tex. 2001) (listing factors). The Court next explained that severing the claims against Freedom Arms from those against Ray's and Madsen was appropriate primarily because neither Ray's nor Madsen would be prejudiced by the possibility of inconsistent results in the federal and state courts. Upon severance, there was little doubt that the Court should remand the claims against Madsen and Ray's, as doing so would have no ill-effect on the Freedom Arms bankruptcy estate.

Because the Court has granted the Carlson Motions, the relief requested in Ray's Motions is moot. Thus, the Court denied the Motion to Stay and indicated that it would issue its recommendation to the District Court that the District Court deny the Motion To Withdraw the Reference. With the Carlson Motions and Ray's Motions resolved, the only claims still pending in this adversary proceeding are Carlson's claims against Freedom Arms. Those claims are stayed due to Freedom Arms' bankruptcy filing. However, Carlson has recently filed a motion to transfer the adversary proceeding to the Wyoming Bankruptcy Court, where those claims can be determined without violating the stay.

For all of these reasons, the Court respectfully recommends that the District Court deny the Motion to Withdraw the Reference.

Respectfully submitted this 11th day of May, 2011.

_____
Barbara J. Houser
Chief United States Bankruptcy Judge

3